FILED
DEC 19 2005
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BENNY JOE KOEHLY and MICHAL KOEHLY<br><br>Plaintiffs,<br><br>vs.<br><br>JOHNSON & JOHNSON, a New Jersey Corporation<br><br>DePuy Orthopaedics, Inc., an Indiana Corporation<br><br>and<br><br>DePuy, Inc., an Indiana Corporation<br><br>Defendants. | Civil Action No. 4:05-CV-01300-SNL |

## STIPULATION & PROTECTIVE ORDER

Plaintiffs, BENNY JOE KOEHLY and MICHAL KOEHLY, and Defendant DePUY ORTHOPAEDICS, INC., (hereinafter referred to as "DePuy") hereby stipulate and agree, through their respective attorneys of record as follows:

1. DePuy may designate as confidential material all or any part of documents produced by them in response to initial disclosures, various interrogatories and requests for production of documents filed by Plaintiffs herein. DePuy agrees that the designation of material as confidential shall be made by them only after a bona fide determination

3253467

-1-


EXHIBIT A

that the material is in fact a trade secret or other confidential research, commercial or proprietary information.

2. The designation of confidential material shall be made by placing or affixing on the material in a manner which will not interfere with its legibility the word "CONFIDENTIAL." The designation shall be made prior to, or contemporaneously with, production or disclosure of that material. Deposition testimony or any portion thereof may be designated "Confidential" on the record at the time of the deposition or within a reasonable time after receipt of the deposition transcript. All copies, duplicates, extracts, (hereinafter referred to collectively as copies), of documents designated as Confidential under this Order or any portion of such a document, shall be immediately affixed with the designation CONFIDENTIAL if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

3. Material or information designated as confidential under this Stipulation and Protective Order shall not be used or disclosed by Plaintiffs, or their counsel or any person acting on their behalf to any other persons except as provided for hereinafter or for any business or competitive purposes, or for any other purposes whatsoever other than the preparation and trial of this action and any appeal herein.

4. Counsel for Plaintiffs shall not disclose or permit the disclosure of any material or information designated as confidential under this Stipulation and Protective Order to any other person or entity, except in the following circumstances:

(a) Disclosure may be made to employees of counsel for Plaintiffs who have direct functional responsibility for assisting in the preparation and trial of this action or any appeal herein. Any employee to whom disclosure is made

3253467

-2-

shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this Stipulation and Protective Order requiring that the material and information be held in confidence.

(b) Disclosure may be made to consultants or experts (hereinafter, ("expert") employed by Plaintiffs or their counsel to assist in the preparation and trial of this litigation. Prior to disclosure to any expert, the expert must agree to be bound by the terms of this Stipulation and Protective Order by executing the Confidentiality Agreement annexed hereto as Exhibit "A." A copy of each executed Confidentiality Agreement will be maintained by Plaintiffs' counsel. In no event shall any disclosure be made to employees, officers or directors of any competitors of DePuy, irrespective of whether they are retained as an expert for Plaintiffs.

(c) Disclosure may be made to Plaintiffs to the extent required for assisting in the preparation and trial of this action or any appeal herein. Prior to disclosure to Plaintiffs, the Plaintiffs must agree to be bound by the terms of this Stipulation and Protective Order by executing the Confidentiality Agreement annexed hereto as Exhibit "A." A copy of each executed Confidentiality Agreement will be maintained by Plaintiffs' counsel.

(d) Disclosure may be made to the Court and court personnel (including the court having jurisdiction over any appeal).

(e) Disclosure may be made to Court reporters used in connection with the litigation.

(f) Disclosure may be made to any person who (i) wrote or received a copy of the document designated confidential before it was furnished in this litigation, or (ii) was present or participated in a meeting or discussion of the protected information before it was furnished in this litigation.

(g) Disclosure may be made to any mediators, secretaries, paraprofessional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this matter.

(h) Disclosure may be made to employees of outside copying, document imaging and facsimile services.

(i) Disclosure may be made to witnesses or deponents in the course of this litigation, only as necessary for the litigation and only after the person to whom such disclosure is made has been informed of the Protective Order and has agreed in writing to be bound by it, by signing the form of acknowledgment attached to this Protective Order as Exhibit "A". The executed acknowledgment shall be retained by Plaintiffs' counsel, with a copy provided to DePuy's counsel on request.

5. The counsel for Plaintiffs shall keep all material or information designated as confidential which is received under this Stipulation & Protective Order within its exclusive possession and control, except as provided hereinafter in paragraph 6, and shall maintain such material and information in their offices or other secure facility. Except as provided in paragraph 4 above, no person shall have access to the foregoing material and information.

6. Any person having access to material or information designated confidential under this Stipulation & Protective Order, including consultants and experts, shall not make copies, extracts, summaries, or descriptions of the material or information or any portion thereof, except as convenient or necessary for the preparation and trial of this litigation.

7. Material or information claimed to be confidential that is subject to a dispute as to whether it is in fact confidential material or information shall, until further order of the Court, be treated as confidential in accordance with the provisions of this Stipulation & Protective Order. DePuy's designation of material or information as confidential shall not be controlling. Plaintiffs may challenge any or all confidential designations of DePuy by written notice in accordance with this paragraph. If Plaintiffs elect to challenge any designation of confidentiality of any material or information pursuant to this Order, said party shall provide DePuy with ten (10) days advance written notice and afford DePuy an opportunity to voluntarily remove such designation. Should DePuy not voluntarily remove such designation within fifteen (15) days of the receipt of such notice, DePuy may then file a written motion with the Court for an order determining confidentiality, accompanied by one copy of each document, response, or other portion of transcript challenged. The motion and accompanying materials shall be filed under seal as provided herein, and the confidentiality of such materials or information shall remain protected until the Court shall order otherwise. The parties shall attempt to resolve any such challenge by agreement prior to the time for filing such a motion as herein provided.

8. If, in connection with any motion or other proceeding except trial, any party intends to offer into evidence any documents claimed to be confidential by DePuy, such evidence shall be submitted in camera and shall be sealed, and any proceedings involving disclosure of the evidence shall be held in camera. The Plaintiffs shall be entitled to identify and use documents for trial purposes regardless of confidentiality designations, provided that for any documents identified on the Plaintiffs' Exhibit List for use at trial, DePuy shall be entitled to seek appropriate protection, by motions *in limine* or otherwise, for any document so identified.

9. Upon final termination of this action, whether by judgment, settlement or otherwise, upon written request from counsel for DePuy, counsel for Plaintiffs shall return to counsel for DePuy all materials and all copies thereof in his possession or subject to his control (including but not limited to materials furnished to consultants and/or experts) that were designated by DePuy as confidential material in accordance with this Stipulation & Protective Order and were not admitted into evidence in trial and/or, in the alternative, execute an affidavit or declaration affirming based on personal knowledge that all copies of such materials, including copies upon which any notes have been made, have been destroyed.

3253467

**STIPULATED TO and CONSENTED TO BY:**

BOLLWERK & RYAN, LLC

Dated: 12/15, 2005 By *Daniel T Ryan* ℞ r 501c
Daniel T. Ryan, Esquire

10525 Big Bend Blvd.
St. Louis, MO 63122
314-315-8111
314-315-8113 Fax

and

EVANS & KUHLMAN, LLC

Dated: 12/15, 2005 By *[signature]*
Bradley D. Kuhlman, Esquire

Dated: 12/15, 2005 By *[signature]*
Mark J. Evans, Esquire

105 East 5th Street, Suite 102
Kansas City MO 64106
816-799-0330
816-799-0336 fax

Attorneys For Plaintiffs,
BENNY JOE KOEHLY and
MICHAL KOEHLY

THOMPSON COBURN

Dated: December 15, 2005 By *[signature]*
J. William Newbold,
Christopher M. Hohn,
Jennifer A. Baumann,
One U.S. Bank Plaza
St. Louis, Missouri 63101
(314) 552-6000 (telephone)

3253467

-7-

(314) 552-7000 (facsimile)

One US Bank Plaza
St. Louis, MO 63101
314-552-6000
314-552-7000 (fax)

And
Michael R. Conner, Esquire
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Fax: (317) 231-7433

Attorneys for Defendants,
JOHNSON & JOHNSON, DEPUY
ORTHOPAEDICS, INC. and
DEPUY, INC.

SO ORDERED, this 19th day of December, 2005.

_____
Judge

3253467

-8-

## CONFIDENTIALITY AGREEMENT

The undersigned hereby acknowledges that he/she has read the Stipulation & Protective Order executed by the attorneys of record for the parties in the action presently pending In The United States District Court For The Eastern District Of Missouri, entitled, *Benny Joe Koehly and Michal Koehly v. JOHNSON & JOHNSON, a New Jersey Corporation, DePuy Orthopaedics, Inc., an Indiana Corporation, and DePuy, Inc., an Indiana Corporation*, Civil Action No. 4:05-CV-01300-DDN, and understands the terms thereof and agrees, upon threat of penalty of contempt, to be bound by such terms.

Dated: _____, 2005  By _____

## EXHIBIT A

IND802 CCN 771954v1

3253467